AUGUSTA BECKER v. HENRIETTA KUHL.[1]

Nov. 5, 1895.

Nos. 9497—(77).

**Mutual Benefit Insurance—Beneficiaries.**

In an action brought to recover an amount to be paid by an insurance association upon the death of a member by a person named as the beneficiary in an outstanding certificate of membership, in which action the association paid the sum in controversy into court, and another claimant, named as the beneficiary in another certificate, was substituted as defendant, it is *held* that the findings of fact did not justify or warrant an order for judgment in plaintiff's favor.

Action in the district court for Ramsey county by Augusta Becker against the Minnesota Odd Fellows Mutual Benefit Society. Defendant society paid the amount in controversy into court, and Henrietta Kuhl was substituted as defendant. From an order, Willis, J., denying a motion for a new trial defendant appealed. Reversed.

*C. D. & Thos. D. O'Brien*, for appellant.

*Dodd & Bowman*, for respondent.

COLLINS, J. The original defendant in this action is an association duly incorporated for the purpose of insuring the lives of all

[1] Reported in 64 N. W. 895.

persons who become members on the assessment plan. It had adopted certain by-laws, binding upon all of its members, and these by-laws were a part of the contract for insurance contained in its membership certificates. By section 3 of article 3 of these by-laws, it was provided that an applicant for membership should designate in his application therefor the person (beneficiary) to whom the money should be paid in the event of his death, and that the secretary should enter the name of the person so designated upon the records, and should also indorse the same upon the certificate of membership. It was also provided in this section that "no change of such designation shall be made unless the certificate shall be returned to the secretary, accompanied by a fee of one dollar, with a request in writing, duly acknowledged, before some officer authorized by law to take acknowledgment of deeds, that a change thereof be made, clearly specifying the change desired. Such request shall be submitted to the board of directors, and in case they shall approve the same by a majority vote the change shall be made, in which case the secretary shall record the same, and issue a new certificate to such member."

In 1876, Mathias Kuhl became a member of this association, and, in accordance with a designation in his application, his wife, Henrietta, was named in his membership certificate as the person to whom the money should be paid in the event of his death. In 1879 he applied, in the manner prescribed in the by-law we have quoted, for a change of beneficiary. Action was taken by the board of directors, and the application granted; so that, to the extent of one-third of the sum to be paid, his said wife remained the beneficiary, and the balance was to be paid to or for the benefit of his daughters, Augusta and Mathilda. In 1881 he again made formal application for a change of beneficiary, this time naming his daughter Augusta, and thereupon the first certificate was surrendered and canceled, and a new one issued, in which the daughter was designated as the sole beneficiary. This certificate was handed by Kuhl to one Meyerding, with instructions to keep it until Kuhl should die, and then to deliver it to Augusta. It remained in Meyerding's possession until after Kuhl's decease, in May, 1894, and was then handed to the beneficiary. About May 1, 1891, another certificate, duly signed by the officers of the association, was delivered to Kuhl, in which his wife, Henrietta, was designated the beneficiary. This certificate was found after his decease in a record book upon a

shelf in his house, which book was the property of a society of which Henrietta Kuhl was the treasurer for about one year before her husband died, but in which he made for her all official entries. The membership or policy register kept by the association contained no mention of any changes in beneficiaries, and there was nothing noted therein tending to indicate that a change from the person originally named had ever been made.

The plaintiff in this action (now a married woman) made proof of her father's death, and demanded payment upon her certificate, and the widow also made demand of payment upon her certificate. Both demands were denied, and the daughter then commenced this action; and, upon payment of the sum in controversy into court, the widow was substituted as defendant, and the association exonerated from liability. It will have been noticed that, when the last certificate was issued and delivered to Kuhl, that dated in 1881, in which the plaintiff was named the beneficiary, was not surrendered to the association, for it then was and thereafter remained in Meyerding's possession. The case was tried by the court without a jury, and, on its findings of fact, judgment was ordered in plaintiff's favor, and from an order denying a new trial defendant has appealed.

The court below made lengthy findings of fact, setting out in full the various certificates of membership which had been issued and delivered to Kuhl, as well as the formal applications for a change of beneficiary and many other facts. Among these findings was one that about May 1, 1891, the president and secretary of the association signed, issued, and delivered to Kuhl the certificate upon which the widow's right to recover depends, and also that he retained possession of it as long as he lived; and, referring to the same instrument, the court found "that said Mathias Kuhl made no application in writing for the issuance of said certificate, and it does not appear from the evidence that he ever made any request of said corporation for a change of the beneficiaries named in his then-existing certificate," meaning the one payable to the plaintiff; and, with the quoted finding of facts as a basis for setting aside the certificate produced by the widow, the first conclusion of law was "that the certificate held by the plaintiff is the only certificate issued to said Mathias Kuhl and now existing, in accordance with the articles of incorporation, by-laws, rules, and regulations" of the association.

We think that this conclusion of law is wholly unsupported by the above-quoted finding of fact. Really the only substantial fact found is that Kuhl made no written application for the issuance of the certificate in which his wife was named as beneficiary. The further finding of fact,—if it may be called such,—that it did not appear from the evidence that Kuhl ever made a request of the association for a change of beneficiaries, is not equivalent to a finding that he did not make such a request, or that the change of beneficiary in 1891 was made without any request, without Kuhl's knowledge or consent, and against his wishes, through an error and mistake of the clerk in the office of the association, misled by the condition of the certificate register.

From the other findings we have mentioned,—in substance, that the certificate in which the widow was designated as beneficiary was signed by the proper officers, issued by the association, in form at least, was delivered to Kuhl in May, 1891, about three years before his decease; that he thereafter retained it in his possession, keeping it in a book where it must have been observed by him quite frequently, and where he might expect it to be found by the beneficiary very soon after his death,—a presumption arose that the change thereby made was designed, and was at his request, which presumption was not rebutted and overcome by any other facts found. With this condition of the findings, there were none which warranted the first conclusion of law. Counsel for appellant contend in their brief that they are entitled to an order for judgment in favor of their client. We think not, upon the findings as made, and that a new trial must be had.

Order reversed.